GLENN D. DASSOFF (SB# 096809)
glenndassoff@paulhastings.com
RYAN M. FAWAZ (SB# 267815)
ryanfawaz@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA  92626-1924
Telephone:  (714) 668-6200
Facsimile:  (714) 979-1921

ELIZABETH L. BRANN (SB# 222873)
elizabethbrann@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
Telephone:  (858) 458-3000
Facsimile:  (858) 458-3005

Attorneys for Plaintiff
AKH COMPANY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKH COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, a Michigan corporation; DISCOUNT TIRE COMPANY, INC., an Arizona corporation; SOUTHERN CALIFORNIA DISCOUNT TIRE COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV10 -1626 CJC (JCx)<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) DECLARATORY RELIEF**<br><br>**(3) DECLARATORY RELIEF**<br><br>**(4) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br><br>**(5) TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(A))**<br><br>**(6) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

LEGAL_US_W # 66045530.7

COMPLAINT

## SUMMARY OF THE ACTION

1.     This action arises out of the tortious and illegal conduct of defendants The Reinalt-Thomas Corporation ("Reinalt-Thomas"), Discount Tire Company, Inc. ("DTC") and Southern California Discount Tire Company, Inc. ("SCDT") in marketing and promoting their tire and wheel products in California under a name legally attributable to plaintiff AKH Company, Inc. ("AKH").

2.     Based upon its use of the names "Discount Tire Centers," "Discount Tire Distributors" and/or "Discount Tire Stores," AKH has a protected trademark in using said name to advertise, promote and sell tire and wheel products in California.

3.     Defendants know of AKH's use and rights to the name "Discount Tire."

4.     In or about 1990, AKH sued SCDT, a wholly owned subsidiary of Reinalt-Thomas, to protect AKH's rights to and use of the "Discount Tire" name.

5.     The parties settled that case by signing an agreement ("the Settlement Agreement"), whereby SCDT specifically agreed to not use the "Discount Tire" name in areas where AKH had previously operated its business and used the name. A true and correct copy of the Settlement Agreement is attached as Exhibit A and is incorporated herein by reference.

6.     At the time of settlement, AKH had operated Discount Tire Centers in California north of San Diego County (herein "AKH's business area").

7.     Nonetheless, the defendants are and have been advertising, promoting and operating under the "Discount Tire" name in AKH's business area in direct contravention of the Settlement Agreement and intellectual property law.

8.     By this Complaint, AKH seeks injunctive relief and monetary damages in an amount to be determined based on the defendants' illegal misappropriation of AKH's intellectual property and breach of the Settlement Agreement.

## PARTIES

9.     AKH is, and at all times herein mentioned was, a corporation organized under the laws of the state of California.  AKH has maintained its principal place of business in Anaheim, California since January 2010 and previously maintained its principal place of business in Huntington Beach, California.

10.     On information and belief, Reinalt-Thomas is, and at all times mentioned herein was, a corporation organized under the laws of the state of Michigan, with its principal place of business in Scottsdale, Arizona.

11.     On information and belief, DTC is, and at all times mentioned herein was, a corporation organized under the laws of the state of Arizona, with its principal place of business in Scottsdale, Arizona.

12.     On information and belief, SCDT is, and at all times mentioned herein was, a corporation organized under the laws of the state of California, with its principal place of business in Scottsdale, Arizona.

13.     AKH is ignorant of the true names and capacities of the defendants sued as Does 1 through 10, inclusive.  AKH sues these defendants by fictitious name and will amend this Complaint to allege the true names and capacities of the Doe defendants when they have been determined.  Each fictitiously-named defendant is responsible in some manner for the conduct alleged in this Complaint, as well as the damages suffered by AKH.  Reinalt-Thomas, DTC, SCDT and the Doe defendants shall be collectively referred to as Defendants.

14.     On information and belief, each and every Defendant in this action was the agent, employee, authorized representative, joint venturer and/or partner of each of the other Defendants, and in engaging in the conduct alleged in this Complaint, did so jointly and for a common purpose, within the course and scope of his or her agency, employment, representation, joint venture or partnership.

1

## JURISDICTION AND VENUE

2      15.    This action arises under the federal Trademark Act of 1946, as

3   amended (the "Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*, including more

4   particularly 15 U.S.C. § 1125(a) and the California statutory and common law of

5   unfair competition and trademark infringement.

6      16.    This court has jurisdiction over the subject matter of this action

7   pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121.

8      17.    At all relevant times, Defendants were engaged in purposeful contact

9   within the state of California involving the events and omissions giving rise to this

10   action, such that exercise of personal jurisdiction over Defendants in the Central

11   District comports with fair play and substantial justice.

12      18.    Further, Defendants were also engaged in substantial, continuous and

13   systematic contact within the Central District such that the exercise of personal

14   jurisdiction over Defendants in the Central District comports with fair play and

15   substantial justice.

16      19.    The Settlement Agreement was negotiated and executed in the Los

17   Angeles area, which is in the Central District.

18      20.    Additionally, each of the Defendants resided and/or maintained

19   offices in this District and/or transacted business in this District during the relevant

20   time period.

21      21.    The actions, damages and other facts forming the basis of AKH's

22   claims occurred throughout California, including within the Central District of

23   California.

24      22.    Venue is proper in the Central District of California pursuant to 28

25   U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to

26   the claim occurred in this District.

27

## GENERAL ALLEGATIONS

28

## AKH's Business and Use of the "Discount Tire" Name

1     23.    AKH was founded in 1976 in Downey, California by two brothers,

2    Hratch and Andy Andonian, and has been in continuous operation since that time.

3     24.    AKH operates tire stores under the "Discount Tire Centers" name in

4    California north of San Diego County.

5     25.    AKH has spent millions of dollars advertising its "Discount Tire

6    Centers" name throughout its business area over the past thirty four years.

7     26.    In addition to its physical store locations, AKH also sells its tire and

8    wheel products to customers online through the domain name, discounttires.com.

9           **Prior Litigation Between AKH and Reinalt-Thomas**

10     27.    On or about October 9, 1990, AKH caused a trademark infringement

11    action to be filed in the Superior Court of California for the County of Riverside,

12    Indio Branch, against SCDT, a subsidiary of Reinalt-Thomas, for trademark

13    infringement in California.

14     28.    The dispute centered over SCDT's decision to open a new store in

15    Cathedral City, California, where AKH was already using its "Discount Tire

16    Centers" name.

17     29.    On or about July 22, 1991, the parties settled that case by entering into

18    the Settlement Agreement.

19     30.    By the terms of the Settlement Agreement, SCDT agreed that it would

20    not use the "Discount Tire" name in business areas where AKH already used its

21    "Discount Tire Center," "Discount Tire Distributors" and/or "Discount Tire

22    Stores" names.

23     31.    In those areas already occupied by AKH, SCDT agreed to use the

24    trade name or service mark "America's Tire Co."

25     32.    At the time of settlement, AKH had such stores in California north of

26    San Diego County.

27     33.    Pursuant to the terms of the Settlement Agreement, SCDT is

28    prohibited from using the "Discount Tire" name in "advertising, promotional or

1  public relations materials which are designed to attract new customers" in AKH's

2  business area.

3      34.    Despite this Settlement Agreement, SCDT has resumed using the

4  "Discount Tire" name in AKH's business area.  AKH has discovered eleven

5  examples of such use:

6      a.  AKH's personnel have seen billboards in the Los Angeles area

7          advertising the "Discount Tire" name in addition to the "America's

8          Tire" name.

9      b.  Defendants are using the "Discount Tire" name on promotional and

10         other materials, including the invoice jackets that they distribute to

11         customers in the Los Angeles area.  A true and correct copy of an

12         invoice jacket is attached as Exhibit B and is incorporated herein by

13         reference.

14      c.  Defendants have posted marketing material in their California stores

15         that uses both "America's Tire" and "Discount Tire" logos.  A picture

16         of the material is attached as Exhibit C and is incorporated herein by

17         reference.

18      d.  Defendants give their customers merchandise, including tire depth

19         gauges, that have the "Discount Tire" logo.  A picture of such a tire

20         depth gauge is attached as Exhibit D and is incorporated herein by

21         reference.

22      e.  Defendants have issued price quotations to their customers in

23         California that include rebate offers for "Discount Tire Direct."  A

24         true and correct copy of such a price quote is attached as Exhibit E

25         and is incorporated herein by reference.

26      f.  Defendants' website, discounttire.com, has a "Store Locator"

27         function.  When the internet user searches for stores in the Anaheim

28         area, an area where AKH has long operated its Discount Tire Centers

stores and an area covered by the Settlement Agreement, the picture of the store on the search result page states "Discount Tire Co." A true and correct copy of one of those pages is attached as Exhibit F and is incorporated herein by reference.

g. Defendants are placing advertisements for "Discount Tire" in programs at Los Angeles Lakers games. A true and correct copy of such an advertisement is attached as Exhibit G and is incorporated herein by reference.

h. Defendants are using the "Discount Tire" name on promotional and other materials, including the invoice jackets that they distribute to customers in the Orange County area. A true and correct copy of an invoice jacket is attached as Exhibit H and is incorporated herein by reference.

i. Defendants are using the "Discount Tire" name on promotional and other materials, including credit card fliers, that they distribute to customers in the Orange County area. A true and correct copy of a credit card flier is attached as Exhibit I and is incorporated herein by reference.

j. Defendants are using the "Discount Tire" name on the front door to their store locations in the Orange County area. A picture of a front door is attached as Exhibit J and is incorporated herein by reference.

k. Defendants are using the "Discount Tire" name on their business cards as the email address domain name for their employees in the Orange County area.

### FIRST CAUSE OF ACTION
### (Breach of Contract against SCDT and Does 1 to 10)

35. AKH realleges and incorporates by reference the allegations contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.     AKH and SCDT entered into the Settlement Agreement, a valid and binding written contract whereby AKH and SCDT settled their prior disputes over the use of the "Discount Tire" name and each received rights and owed obligations commensurate with that contract.

37.     SCDT has breached the Settlement Agreement by, among other things, using the "Discount Tire" name in business areas in which AKH has used the trade name and/or service mark "Discount Tire Centers," "Discount Tire Distributors" and/or "Discount Tire Stores" prior to SCDT's entry into the market.

38.     AKH has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Settlement Agreement, except those terms and conditions the performance of which are excused by Defendants' breaches as alleged in this Complaint.

39.     As a direct and proximate result of Defendants' breaches of the Settlement Agreement alleged herein, AKH has suffered actual and incidental damages in an amount to be proved at trial plus interest at the maximum legal rate thereon.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment against SCDT and Does 1 to 10)

40.     AKH realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, as though fully set forth herein.

41.     There presently exists an actual controversy between AKH and SCDT as to whether SCDT has breached the Settlement Agreement by using the "Discount Tire" name in AKH's business area.

42.     AKH understands and believes that Defendants contend that they have been damaged as a result of AKH using the "Discount Tire" name on the internet.

43.     AKH further understands and believes that Defendants believe SCDT has the right to use the "Discount Tire" name on the internet.

44.    AKH further understands and believes that Defendants contend that SCDT has complied with the Settlement Agreement, despite the eleven specific examples illustrated above in paragraph 34.

45.    AKH, on the other hand, believes that pursuant to the Settlement Agreement, it has the right to use the "Discount Tire" name as it currently uses it to promote and sell AKH's tire and wheel products from its California store locations.

46.    AKH further believes that it has the right to use its internet domain name, discounttires.com, to sell its tire and wheel products online.

47.    AKH further believes that SCDT has breached the Settlement Agreement and will continue doing so in perpetuity, by among other things engaging in the types of prohibited activities illustrated above in paragraph 34.

48.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties under the Settlement Agreement.

49.    Accordingly, AKH requests and is entitled to a judicial determination of its right and duties and those of SCDT with respect to these issues.  Such a declaration is necessary and appropriate at this time due to the parties' continuing contractual disputes and their need for guidance as to their respective rights and obligations under the Settlement Agreement.

### THIRD CAUSE OF ACTION

### (Declaratory Judgment against all Defendants)

50.    AKH realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, as though fully set forth herein.

51.    There presently exists an actual controversy between AKH and Defendants over the rights to use the "Discount Tire" name in AKH's business area.

52.    AKH understands and believes that Defendants contend that they have been damaged as a result of AKH using the "Discount Tire" name on the internet.

LEGAL_US_W # 66045530.7                                    -8-                                    COMPLAINT

53.   AKH further understands and believes that Defendants believe they have the right to use the "Discount Tire" name on the internet.

54.   AKH, on the other hand, believes that pursuant to its prior use of the "Discount Tire" name in AKH's business area, it has the right to use the "Discount Tire" name as it currently uses it to promote and sell AKH's tire and wheel products from its California store locations.

55.   AKH further believes that it has the right to use its internet domain name, discounttires.com, to sell its tire and wheel products online.

56.   AKH further believes that Defendants have impermissibly used the "Discount Tire" name and will continue doing so in perpetuity, by among other things engaging in the types of prohibited activities illustrated above in paragraph 34.

57.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights to use the "Discount Tire" name.

58.   Accordingly, AKH requests and is entitled to a judicial determination of its right and those of Defendants with respect to these issues.  Such a declaration is necessary and appropriate at this time due to the parties' continuing intellectual property disputes and their need for guidance as to their respective rights and obligations in using the "Discount Tire" name.

## FOURTH CAUSE OF ACTION

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.* against all Defendants)

59.   AKH realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, as though fully set forth herein.

60.   As set forth fully above, Defendants have violated and continue to violate Section 17200 *et seq.* of the California Business and Professions Code (the

1 "Unfair Practices Act"). The Unfair Practices Act provides that unfair competition

2 shall mean and include any "unlawful, unfair or fraudulent act or practice."

3      61.    Defendants, by their conduct referenced above, have engaged in

4 unlawful conduct which constitutes unfair competition. These practices include,

5 but are not limited to, using the "Discount Tire" name in business areas in which

6 AKH has used the trade name and/or service mark "Discount Tire Centers,"

7 "Discount Tire Distributors" and/or "Discount Tire Stores"; and using the Discount

8 Tire name in advertising, promotional or public relations materials which are

9 designed to attract new customers.

10      62.    By virtue of these acts and omissions, Defendants have engaged in

11 unfair competition within the meaning of California Business and Professions

12 Code Section 17200 *et seq.*, thereby entitling AKH to injunctive and restitutionary

13 relief as provided by the California Business and Professions Code Section 17203.

14      63.    The wrongful misappropriation and use of AKH's "Discount Tire"

15 name, reputation and brand by Defendants, unless enjoined by this Court, will

16 cause immediate and irreparable harm to AKH. Defendants will continue to be

17 able to use AKH's name to unfairly compete with AKH and will be able to

18 confuse, mislead and deceive AKH's customers into believing that they are buying

19 their tire and wheel products from AKH, when in fact they are buying such

20 products from Defendants.

21      64.    Defendants' misappropriation and deception have caused and will

22 continue to cause AKH's customers and potential customers to purchase goods and

23 services from Defendants rather than AKH.

24      65.    AKH is informed and believes, and on that basis alleges, that

25 Defendants are continuing to advertise to, promote their products and solicit

26 customers under the "Discount Tire" name with the intent that AKH's customers

27 will terminate their association with AKH or never form such an association to

28

1    begin with, thereby causing damage to AKH.  But for the wrongful acts of

2    Defendants, Defendants would not have the opportunity to so compete.

3         66.    AKH has no adequate remedy at law to compel Defendants to cease

4    their wrongful acts as alleged herein.  Unless the Court grants an injunction, AKH

5    will be compelled to prosecute a multiplicity of actions, one each time Defendants

6    unfairly compete by wrongfully misleading, deceiving, soliciting, diverting or

7    otherwise interfering with AKH's customers or AKH's goodwill and advantageous

8    business relationships in AKH's business area.  AKH's damages are irreparable

9    because it would be extremely difficult to ascertain the amount of compensation

10   which will afford AKH adequate relief if Defendants are not enjoined at this time.

11                           **FIFTH CAUSE OF ACTION**

12   **(Trademark Infringement against all Defendants under 15 U.S.C. § 1125(a))**

13        67.    AKH realleges and incorporates by reference the allegations set forth

14   in paragraphs 1 through 34, inclusive, as though fully set forth herein.

15        68.    As set forth fully above, Defendants have violated and continue to

16   violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that they have

17   "use[d] in commerce any word, term, name, symbol, or device, or any combination

18   thereof ... which—(A) is likely to cause confusion, or to cause mistake, or to

19   deceive as to the affiliation, connection, or association of such person with another

20   person, or as to the origin, sponsorship, or approval of his or her goods, services, or

21   commercial activities by another person."

22        69.    The "Discount Tire" name is a valid, legally protected trademark and

23   at all times relevant hereto, AKH has owned and used that trademark in its

24   business areas.

25        70.    Defendants have misappropriated and used AKH's trademark without

26   AKH's consent, in commerce including but not limited to by using the "Discount

27   Tire" name as described in paragraph 34 above.

28

1    71.    AKH is informed and believes, and on that basis alleges, that

2    Defendants intended to misappropriate AKH's protected mark.  Defendants have,

3    at all relevant times, known that AKH's trademarks, including the "Discount Tire"

4    name, were valid, legally protected trademarks owned by AKH.  SCDT was aware

5    of this, in part, because it entered into the Settlement Agreement.  Other

6    Defendants were aware of this, in part, because the person who executed the

7    Settlement Agreement on SCDT's behalf, Bruce Halle, is also an officer for said

8    Defendants.

9    72.    Defendants have nonetheless knowingly and willfully used those

10   trademarks in interstate commerce to promote Defendants' tire and wheel products,

11   deprive AKH of customers and profits, create confusion among consumers and

12   dilute AKH's brand, reputation and goodwill.

13   73.    Defendants' efforts to deprive AKH of customers and profits, create

14   confusion among consumers, and dilute AKH's brand reputation and goodwill

15   have been successful.  These efforts by Defendants have caused and continue to

16   cause significant monetary and nonmonetary damages to AKH.

17   74.    Defendants' wrongful conduct in misappropriating AKH's

18   trademarks, unless and until enjoined and restrained by order of this Court, will

19   cause great and irreparable injury to AKH's business.

20   75.    AKH has no adequate remedy at law for the injuries currently being

21   suffered and which are threatened in that Defendants will continue to

22   misappropriate and use the trademarks and render any judgment ineffectual.  AKH

23   also has no adequate remedy at law because pecuniary compensation will not

24   afford adequate relief to AKH and because it will be extremely difficult to

25   ascertain the amount of compensation that would afford such relief.  Therefore,

26   AKH is entitled to injunctive relief as provided by 15 U.S.C. § 1116(a).

27   **SIXTH CAUSE OF ACTION**

28   **(Common Law Trademark Infringement against all Defendants)**

76.   AKH realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, as though fully set forth herein.

77.   As set forth fully above, Defendants have been, and are, engaged in infringing conduct in violation of AKH's common law rights in the "Discount Tire" mark.

78.   Defendants' acts complained of herein have damaged and will continue to damage AKH irreparably.  AKH has no adequate remedy at law for these wrongs and injuries.  The damages to AKH include harm to its goodwill and reputation in the marketplace that money cannot compensate.

79.   AKH is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on behalf, from using the "Discount Tire" mark, or any colorable imitation or variation thereof, in connection with the promotion, advertising, and sale of goods or services in AKH's business area.

80.   AKH seeks compensatory damages in the amount that will compensate it for all detriment caused by Defendants.

81.   As an actual and proximate result of Defendants' actions, AKH has suffered damages in the form of lost profits.  AKH is further entitled to recover its damages, an accounting for profits made by Defendants on sales in AKH's business areas, and restitution and the disgorgement of Defendants' ill-gotten gains, as well as recovery of costs of this action.

82.   AKH is informed and believes and thereon alleges, in doing the things herein alleged, Defendants' unlawful actions were in bad faith, in conscious disregard of AKH's rights and performed with the intention of depriving AKH of its rights.  Accordingly, Defendants' conduct merits, and AKH seeks, an award of punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future.

LEGAL_US_W # 66045530.7                                                    COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, AKH prays for judgment as follows:

1.     For an award of damages according to proof at trial;

2.     For interest at the maximum legal rate thereon;

3.     For a declaration that:

    a. AKH is entitled to use its www.discounttires.com domain name; and

    b. Defendants are not entitled to use the "Discount Tire" name in AKH's business area.

4.     For restitution and disgorgement of the amounts by which Defendants benefitted, directly or indirectly, from the acts alleged herein according to proof, including but not limited to Defendants' revenue;

5.     For the issuance of a permanent injunction enjoining Defendants, their agents and representatives, and all persons in concert or participating with them from using or infringing any of AKH's trademarks, including but not limited to the "Discount Tire" name in AKH's business area.

6.     For punitive damages in an amount sufficient to punish Defendants and to deter others;

7.     For reasonable attorneys' fees according to proof;

8.     For costs of suit incurred herein; and

9.     For such other and further relief as the Court may deem proper and just.

DATED: October 22, 2010    PAUL, HASTINGS, JANOFSKY & WALKER LLP
        GLENN D. DASSOFF
        ELIZABETH L. BRANN
        RYAN M. FAWAZ

By: _____
        GLENN D. DASSOFF

Attorneys for Plaintiff
AKH Company, Inc.

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff AKH Company, Inc., a California corporation, hereby requests a

4   jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

5

6   DATED: October 22, 2010      PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                 GLENN D. DASSOFF
7                                ELIZABETH L. BRANN
                                 RYAN M. FAWAZ
8

9                                By:_____
10                                      GLENN D. DASSOFF
11                               Attorneys for Plaintiff
                                 AKH Company, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 66045530.7

COMPLAINT

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned certifies that as of this date, AKH Company, Inc. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

DATED: October 22, 2010     PAUL, HASTINGS, JANOFSKY & WALKER LLP
GLENN D. DASSOFF
ELIZABETH L. BRANN
RYAN M. FAWAZ

By: _____
GLENN D. DASSOFF

Attorneys for Plaintiff
AKH Company, Inc.

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Agreement is made and entered into this ___ day of
_____, 1991 by and between AKH COMPANY, INC. and DISCOUNT
TIRE COMPANY, INC., California corporations, doing business as
Discount Tire Centers, Discount Tire Distributors, Discount Tire
Stores, and Evans Tires, (the Plaintiffs hereinafter referred to as
AKH); and Southern California Discount Tire Company, Inc., a
California   corporation,   (the   Defendants/Cross-Complainants
hereinafter S.C.D.T.).

### Recitals

A.   The AKH parties are California corporations that have
operated wholesale and retail tire distribution outlets and
automotive service centers in portions of California, Arizona,
Oregon and Washington under the names "Discount Tire Centers",
"Discount Tire Distributors", "Discount Tire Stores" and "Evans
Tire Stores".

B.   S.C.D.T. is a California corporation, which is a wholly
owned subsidiary of the Reinalt-Thomas Corporation which is engaged
in the retail sales of automobile and truck tires in some seventeen
states across the United States including, but not limited to, the
states of California, Nevada, Arizona, New Mexico, Utah, Oregon,
and Washington under the trade name and service mark "Discount Tire
Co., Inc.

C.   On or about the 9th day of October, 1990, AKH caused a
trademark infringement action to be filed in the Superior Court of
California for the County of Riverside, Indio Branch, against

EXHIBIT 4 PAGE 15

S.C.D.T. alleging state trademark infringement, unfair competition
and trademark dilution concerning advertising for a future site
S.C.D.T. intended to open in Cathedral City, California.

    D.    On or about November 26, 1990, S.C.D.T. filed a cross
claim for declaratory relief and cancellation of the AKH state
trademark registration as well as damages.

    E.    The parties have determined that it is in their best
interest to resolve their differences through the settlement of
this matter and hereby agree to a resolution of the above-entitled
action as follows:

I.

S.C.D.T. has adopted in Riverside County, California the
trade name and service mark "America's Tire Co.".

II.

S.C.D.T. agrees that in all business areas in which AKH
has used the trade name, service mark "Discount Tire Centers",
"Discount Tire Distributors", and/or "Discount Tire Stores" prior
to S.C.D.T.'s entry into the market, S.C.D.T. will use the trade
name/service mark "America's Tire Co.".

III.

In such instances, upon all sales receipts, customer
invoices, warranty cards, or warranty contacts, S.C.D.T. may,
however, use the corporate identification phrase "A Division of the
Discount Tire Co. Organization" provided that (1) the phrase is not
used in the immediate proximity of the trade name/service mark
"America's Tire Co."; and (2) provided that the phrase shall appear

2

EXHIBIT 4 PAGE 16

in letters not to exceed 25% of the size of the trade name or service mark "America's Tire Co." contained on the document.

### IV.

AKH agrees that in all areas where the S.C.D.T., its parent Reinalt-Thomas Corp., and any subsidiary or affiliated company, have used the trade name/service mark "Discount Tire Co." prior to AKH's entry into the market, they will use the name "Evans Tire" or such other name as AKH may herein adopt provided that such trade name or service mark does not contain the words "Discount, Tire or America's" and is not substantially similar to S.C.D.T.'s marks "Discount Tire Co." and/or "America's Tire Co." and is not likely to be confused with the S.C.D.T. and Reinalt-Thomas marks.

### V.

On all sales receipts, customer invoices, warranty cards, or warranty contacts, AKH may use the corporate identification phrase "A member of the Discount Tire Centers Company" provided that (1) the phrase is not used in the immediate proximity of their trade name/service mark; and (2) provided that it shall appear in letters not to exceed 25% of the size of the largest letters contained on the document indicating that it is provided by AKH.

### VI.

The parties agree that their use of their corporate identification phrases in areas in which the other party has previously established a common law use of the name "Discount Tire" or which is covered by a federal registration will be restricted to use on sales receipts, warranty cards, warranty contracts, and

EXHIBIT 4 PAGE 17

other materials provided directly to customers who have purchased their products and shall not be used in advertising, promotional, or public relations materials which are designed to attract new customers.

### VII.

The parties further agree that upon the execution of this Agreement the parties will enter into a stipulation dismissing and discharging the Complaint and Cross-Complaint, in Case No. 62482 filed in Superior Court of the State of California, County of Riverside, Indio Branch, and exonerating the bond posted by AKH. However, the parties acknowledge and agree that the Court shall retain jurisdiction over the parties, and shall be empowered and authorized by the parties to enforce the terms of this Settlement Agreement.

### VIII.

Each party hereby releases, waives, discharges and forgives any claim, known or unknown, which they may have against the other, arising out of the facts or circumstances that form the basis of this action and hereby, forever, quit, discharge, forgive, and release, any claim, right, privilege, or indebtedness which they many have against the other.

### IX.

Each party to this action shall bear its own costs and attorneys fees.

.   .   .   .

.   .   .   .

4

EXHIBIT 4 PAGE 18

### X.

For purpose of construction, neither party shall be deemed to be the drafting party.

### XI.

In any action or controversy between the parties arising from the subject matter of this Agreement, the prevailing party shall be entitled to its reasonable attorneys fees.

### XII.

All notices, waivers, requests, demands and other communications which are required or may be given under this Agreement shall be in writing and shall be deemed to have been given if delivered personally or sent by certified mail, return receipt requested, postage pre-paid, and addressed as follows:

    AKH:            Leon Alexander, Esq.
                    AKH COMPANY, INC.
                    222 South Harbor Boulevard
                    10th Floor
                    Anaheim, California 92805

    S.C.D.T.        Mark G. Tratos, Esq.
                    QUIRK, TRATOS & ROETHEL
                    550 East Charleston Boulevard
                    Suite D
                    Las Vegas, Nevada 89104

### XIII.

This Agreement shall not be amended or altered except in writing executed by both parties.

### XIV.

If any provisions of this Agreement shall be construed to be illegal or invalid, it shall not affect the legality or validity of any of the other provision hereof and the illegal or invalid

EXHIBIT 1 PAGE 19

provision shall be stricken and deleted here from but the other
provisions hereof shall remain in full force and effect.

XV.

The terms, covenants, promises, and provisions of this
Agreement shall inure to the benefit of the parties, their
successors, heirs, beneficiaries, assigns, and other legal
representatives.

AKH PARTIES                          S.C.D.T. PARTIES

BY: _____           BY: _____

DATED: _____           DATED: _____ July 22, 1991

BY: _____           BY: _____
LEON ALEXANDER, Attorney for         MARK G. TRATOS, Attorney for
Plaintiffs/Cross-Defendants          Defendants/Cross-Complainants
AKH                                  S.C.D.T.

DATED: _____           DATED: _____

6

EXHIBIT _4_ PAGE _20_

**EXHIBIT B**