GLENN D. DASSOFF (SB# 096809)
glenndassoff@paulhastings.com
RYAN M. FAWAZ (SB# 267815)
ryanfawaz@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

ELIZABETH L. BRANN (SB# 222873)
elizabethbrann@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Attorneys for
AKH COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKH COMPANY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, a Michigan corporation; SOUTHERN CALIFORNIA DISCOUNT TIRE COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION. | Case No. SACV10-1626 CJC (JCx)<br>(Lead Case)<br>[Consolidated with Case No. SACV10-1795 CJC (JCx)]<br>[Hon. Cormac J. Carney]<br><br>**REPORT OF FED. R. CIV. P. 26(F) CONFERENCE**<br><br>Complaint Filed: October 22, 2010<br>Trial Date: Unassigned |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff AKH Company, Inc. ("AKH") and Defendants The Reinalt-Thomas Corporation d/b/a Discount Tire and Southern California Discount Tire Company, Inc. (collectively, "Reinalt-Thomas")

jointly submit this Initial Case Status and Planning Report. The parties would like to inform the Court as to the following topics:

I.   **INITIAL DISCLOSURES**

The parties will make their initial disclosures on March 31, 2011.

II.   **DISCOVERY AND LIMITATIONS ON DISCOVERY**

AKH wishes to work with Reinalt-Thomas to target the documents and witnesses key to the parties' disputes. Discovery will center on the parties use of their respective marks in California and on the Internet, Reinalt-Thomas' efforts to police use of its mark, and revenue generated by Reinalt-Thomas's use of "Discount Tire" in California. Third party discovery may be necessary to determine other parties' use of marks including the words "Discount Tire" in other regions of the United States. AKH believes that the 25 interrogatory limit set by the Federal Rules of Civil Procedure is more than sufficient. If a party in good faith needs to propound more interrogatories and the opposing party will not stipulate to the service of additional interrogatories, that party can move for leave to do so at the appropriate time.

Reinalt-Thomas believes that substantial discovery will be necessary, and intends to focus primarily on AKH's use of the discounttires.com and discounttirecenters.com domain names and DISCOUNT TIRE CENTERS trademark on the Internet for the relevant time period. Significant discovery will also be taken on Reinalt-Thomas's damages. As a result of the expansive discovery needed in this case, Reinalt-Thomas requests that the number of permitted interrogatories set forth in Fed. R. Civ. P. 33(a)(1) be expanded from 25 to 50 written interrogatories, including subparts. As for the remaining discovery, Reinalt-Thomas requests that the parties proceed with initial disclosures, document requests, requests for admission and depositions as provided in the Federal Rules of Civil Procedure.

The parties propose that fact discovery end on February 1, 2012.

III.   **DISCLOSURE OF ESI**

The parties have disclosed various sources of ESI to each other and continue to

1 investigate and discuss ESI-related issues.

2  The parties have agreed to produce electronically stored information as a DAT
3 file containing metadata and text, Group IV Tiff images and a Concordance Image load
4 file. The parties will produce the following metadata: (i) Author, (ii) Recipient, (iii)
5 Ccs, (iv) BCCs, (v) Subject, (vi) Document type, (vii) Document date (Email sent date),
6 (viii) Begin and end Bates numbers, and (ix) Attachment begin and end Bates numbers.

7  Webpages shall be produced in native format on media separate from the party's
8 main production. Other native files may be made available upon good cause shown by
9 the requesting party.

## IV.  CLAIMS OF PRIVILEGE OR WORK PRODUCT PROTECTION

11  The parties will negotiate a protective order that will include the following
12 provision for inadvertent disclosure of privileged information:

13  Consistent with Fed. R. Evid. 502, if a party notifies another party that it has
14 disclosed documents that are protected by the attorney-client privilege or work product
15 doctrine and/or any other applicable privilege or immunity, or a party receiving
16 documents for inspection or production discovers disclosure of documents that are either
17 (1) labeled as privileged or (2) apparent on their face to have been exchanged with
18 counsel, the disclosure shall not be deemed a waiver in whole or in part of the applicable
19 privilege or protection either as to the specific material or information disclosed or as to
20 any other material or information relating thereto on the same or related subject.

21  Upon request of the disclosing party regarding such materials, the receiving party
22 must immediately, but in no case later than ten (10) days from said request, return all
23 paper copies and destroy all electronic copies of such disclosed document(s). After
24 returning all paper copies and destroying all electronic copies, the receiving party may
25 challenge the propriety of the asserted privilege or immunity by submitting a written
26 challenge to the Court within fourteen (14) days of the date of the disclosing party's
27 request.

28  Upon discovery of such materials, the receiving party must immediately, but in no

1  case later than ten (10) days from said discovery, notify the disclosing party of the
2  existence of said documents. The disclosing party shall then have seven (7) days to
3  request return of such materials consistent with the provisions of this agreement.
4  **V. ADDITIONAL PARTIES.**
5  The parties are not currently aware of a need to add, delete or substitute any
6  parties.
7  **VI. COMPLEXITY OF CASE**
8  The parties do not believe that this case is complex and do not believe that the
9  procedures in the Manual of Complex Litigation need be utilized.
10 **VII. MOTION SCHEDULE**
11 The parties have not yet identified the dispositive motions that they intend to
12 make but propose a cutoff of May 30, 2012 for filing such motions.
13 A party may file more than one dispositive motion.
14 **VIII. SETTLEMENT.**
15 The parties are unable to evaluate the likelihood of settlement at present as this
16 matter is in its initial stages and discovery has not yet commenced.
17 The parties wish to rely on a private mediator for purposes of settlement. AKH is
18 willing to participate in mediation at any time. Reinalt-Thomas is agreeable to private
19 mediation but does not believe that mediation would be fruitful without discovery in the
20 case. However, Reinalt-Thomas is always open to informal settlement discussions.
21 **IX. TRIAL ESTIMATE**
22 The parties request trial commencing August 7, 2012 and estimate that they will
23 need approximately 14 court days for trial.
24 **X. ADDITIONAL PARTIES**
25 The parties do not believe that additional parties will be named but propose a
26 cutoff of April 25, 2011 for any motions to join other parties or amend the pleadings.
27 **XI. EXPERT WITNESSES**
28 The parties propose the following schedule for expert discovery:

| | | |
|---|---|---|
| 1 | Initial Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2) | March 1, 2012 |
| 2 | Rebuttal Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) | April 2, 2012 |
| 4 | Close of Expert Discovery | April 30, 2012 |

The parties are available for a scheduling conference

RESPECTFULLY SUBMITTED this 28th day of March, 2011.

                      MORRIS POLICH & PURDY

By /s/ _____
    David L. Brandon
    1055 West Seventh Street, Suite 2400
    Los Angeles, California 90017
    Attorneys for Defendants

                      PAUL, HASTINGS,
                      JANOFSKY & WALKER LLP

By /s/ _____
    Glenn D. Dassoff
    695 Town Center Drive, 17th Floor
    Costa Mesa, California 92626-1924
    Attorneys for Plaintiffs