1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   AKH COMPANY, INC., a                  Case No. SACV10-1626 CJC (JCx)
     California corporation,               (Lead Case)
12                                         [Consolidated with Case No. SACV10-
13                   Plaintiff,            1795 CJC (JCx)]

14        vs.                             [Hon. Cormac J. Carney]

15   THE REINALT-THOMAS                    **PROTECTIVE ORDER**
     CORPORATION d/b/a DISCOUNT
16   TIRE, a Michigan corporation;         **[CHANGES MADE BY COURT]**
     SOUTHERN CALIFORNIA
17   DISCOUNT TIRE COMPANY,
     INC., a California corporation; and
18   DOES 1 through 10, inclusive,         Complaint Filed:  October 22, 2010
                                           Trial Date:  August 21, 2012
19                   Defendants.

20   AND CONSOLIDATED ACTION.

21

22        The Court recognizes that many of the documents and much of the

23   information ("materials") being sought through discovery in the above-captioned

24   action are, for competitive reasons, normally kept confidential by the parties.  The

25   parties have agreed to be bound by the terms of this Protective Order ("Order") in

26   this action.

27        The materials to be exchanged throughout the course of the litigation

28   between the parties may contain trade secret or other confidential research,

1   technical, cost, price, marketing or other commercial information, as is

2   contemplated by Federal Rule of Civil Procedure 26(c)(1)(G) (formerly 26(c)(7)).

3   The purpose of this Order is to protect the confidentiality of such materials as much

4   as practical during the litigation.  THEREFORE:

5                                          DEFINITIONS

6        1.    The term "Confidential Information" will mean and include

7   information contained or disclosed in any materials, including documents, portions

8   of documents, answers to interrogatories, responses to requests for admissions,

9   deposition testimony, and transcripts of deposition testimony, including data,

10  summaries, and compilations derived therefrom that is deemed to be Confidential

11  Information by any party to which it belongs.

12       2.    The term "materials" will include, but is not be limited to:  documents;

13  correspondence; memoranda; financial information; email; specifications;

14  marketing plans; marketing budgets; customer information; materials that identify

15  customers or potential customers; price lists or schedules or other matter identifying

16  pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts;

17  books of account; worksheets; forecasts; notes of conversations; desk diaries;

18  appointment books; expense accounts; recordings; photographs; motion pictures;

19  sketches; drawings; notes of discussions with third parties; other notes; business

20  reports; instructions; disclosures; other writings; records of website development;

21  and internet archives.

22       3.    The term "counsel" will mean outside counsel of record, and other

23  attorneys, paralegals, secretaries, and other support staff employed in the law firms

24  identified below:   Paul Hastings Janofsky & Walker LLP, Quirk, Tratos &

25  Roethel, Gallagher & Kennedy, and Ballard Spahr LLP.

26                                        GENERAL RULES

27       4.    Each party to this litigation that produces or discloses any materials,

28  answers to interrogatories, responses to requests for admission, deposition

                                              2

testimony, and transcripts of deposition testimony, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

(a)     Designation as "CONFIDENTIAL":  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b)     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, customer related data or other commercial information.

5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a)     the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of

3

depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until twenty-one (21) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(b)     the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

(c)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.     All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by

(a)     Counsel (as defined in paragraph 3) of the receiving party. Confidential Information of the producing party may not be disclosed to counsel not of record in this case unless, prior to such disclosure, such counsel who is not of record executes a copy of the form attached hereto as Exhibit A.  Counsel for the receiving party must retain executed copies of such exhibits

(b)     Independent experts and stenographic and clerical employees associated with such experts.  Confidential information of the producing party may not be disclosed to such experts/employees unless, prior to such disclosure, such experts/employees execute a copy of the form attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)     The Court and any Court staff and administrative personnel; and

(d)     Any court reporter employed in this litigation and acting in that capacity.

9.     Information designated "CONFIDENTIAL" must be viewed only by the individuals listed in paragraph 8, and by the additional individuals listed below, provided each such additional individual listed below has read this Order in advance of disclosure, executed a copy of Exhibit A, and provided such executed copy to counsel for the receiving party for retention:

(a)     Executives who are required to participate in policy decisions with reference to this action;

(b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c)     Stenographic and clerical employees associated with the individuals identified above.

1        10.    With respect to material designated "CONFIDENTIAL" or

2    "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of

3    the document to be its originator, author or a recipient of a copy of the document,

4    may be shown the same.

5        11.    All information which has been designated as "CONFIDENTIAL" or

6    "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party,

7    and any and all reproductions of that information, must be retained in the custody of

8    the counsel for the receiving party identified in paragraph 3, except that

9    independent experts authorized to view such information under the terms of this

10   Order may retain custody of copies such as are necessary for their participation in

11   this litigation.

12       12.    Before any materials produced in discovery, answers to

13   interrogatories, responses to requests for admissions, deposition transcripts, or other

14   documents which are designated as Confidential Information are filed with the

15   Court for any purpose, the party seeking to file such material must seek permission

16   of the Court to file the material under seal in accordance with the provisions of

17   Local Rule 79-5.1.

18       13.    At any stage of these proceedings, any party may object to a

19   designation of the materials as Confidential Information.  The party objecting to

20   confidentiality must notify, in writing, counsel for the designating party of the

21   objected-to materials and the grounds for the objection.  If the dispute is not

22   resolved consensually between the parties within seven (7) days of receipt of such a

23   notice of objections, the objecting party may move the Court for a ruling on the

24   objection in accordance with the provisions of Local Rules 37-1 through 37-1-4.

25   The materials at issue must be treated as Confidential Information, as designated by

26   the designating party, until the Court has ruled on the objection or the matter has

27   been otherwise resolved.

28

14.   At any stage of these proceedings, any party may request that it be permitted to disclose materials designated as Confidential Information to individuals not permitted by this Order to view such materials. The party must notify, in writing, counsel for the designating party of the identity of the relevant materials and the individuals to whom the party wishes to disclose the materials. If the request is not resolved consensually between the parties within seven (7) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure in accordance with the provisions of Local Rules 37-1 through 37-1-4.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the request.

15.   All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16.   No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17.   If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in

7

1   accordance with that designation under this Order.  The receiving party must treat

2   the materials as confidential, once the designating party so notifies the receiving

3   party.  If the receiving party has disclosed the materials before receiving the

4   designation, the receiving party must notify the designating party in writing of each

5   such disclosure.  Counsel for the parties will agree on a mutually acceptable manner

6   of labeling or marking the inadvertently produced materials as "CONFIDENTIAL"

7   or "CONFIDENTIAL - FOR COUNSEL ONLY"- SUBJECT TO PROTECTIVE

8   ORDER.

9       18.    Nothing within this order will prejudice the right of any party to object

10   to the production of any discovery material on the grounds that the material is

11   protected as privileged or as attorney work product.

12       19.    Nothing in this Order will bar counsel from rendering advice to their

13   clients with respect to this litigation and, in the course thereof, relying upon any

14   information designated as Confidential Information, provided that the contents of

15   the information must not be disclosed.

16       20.    This Order will be without prejudice to the right of any party to oppose

17   production of any information for lack of relevance or any other ground other than

18   the mere presence of Confidential Information.  The existence of this Order must

19   not be used by either party as a basis for discovery that is otherwise improper under

20   the Federal Rules of Civil Procedure.

21       21.    Information designated confidential pursuant to this Order also may be

22   disclosed if:  (a) the party or non-party making the designation consents to such

23   disclosure in writing or on the record; (b) the Court, after notice to all affected

24   persons, allows such disclosure; or (c) the party to whom confidential information

25   has been produced thereafter becomes obligated to disclose the information in

26   response to a lawful subpoena, provided that the subpoenaed party gives prompt

27   notice to counsel for the party which made the designation, and, to the extent

28   legally permissible, permits counsel for that party sufficient time to intervene and

seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

22.    Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

23.    Within 30 days of the final termination of this action, including any and all appeals, counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (1) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (2) destroy same at the option of the receiving party.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24.    The restrictions and obligations set forth within this order will not apply to any information that:  (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public

knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order.

25.     The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26.     Transmission by e-mail or facsimile is acceptable for all notification purposes within this order.

27.     This Order may be modified by agreement of the parties, subject to approval by the Court.

28.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 18th day of August, 2011.


_____
/s/
Hon. Jacqueline Chooljian
United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKH COMPANY, INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, a Michigan corporation; SOUTHERN CALIFORNIA DISCOUNT TIRE COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br><br>AND CONSOLIDATED ACTION. | Case No. SACV10-1626 CJC (JCx) (Lead Case)<br>[Consolidated with Case No. SACV10-1795 CJC (JCx)]<br><br>[Hon. Cormac J. Carney]<br><br>**DECLARATION AGREEING TO BE BOUND BY PROTECTIVE ORDER**<br><br>Complaint Filed:  October 22, 2010<br>Trial Date:  August 21, 2012 |

I, _____, declare and say that:

1.     I am employed as _____

by _____.

2.     I have read the Protective Order entered in AKH Company, Inc. v. The

Reinalt-Thomas Corporation et al., Case No. SACV10-1626 CJC (JCx)

(Consolidated), and have received a copy of the Protective Order.

3.     I promise that I will use any and all "Confidential" or "Confidential –

For Counsel Only" information, as defined in the Protective Order, given to me

1

only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to the enforcement of the Protective Order.

6.      I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____                    _____

                                                 Name: